IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONI P. DICKSON,

      Plaintiff,

 -vs-                                                       Civil Action No. 14-170

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 12 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since January of 2009. (ECF No. 7-5, p. 2). Administrative Law Judge ("ALJ"), Michael F. Colligan, held a hearing on May 23, 2012. (ECF No. 7-2, pp. 36-55). On August 10, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 15-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Listing 12.04

Plaintiff argues that the ALJ erred in determining that Plaintiff did not meet or equal an impairment listing. (ECF No. 10, pp. 3-6). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

Here, Plaintiff specifically argues that she meets Listing 12.04 Affect Disorders. (ECF No. 10, pp. 3-6). Listing 12.04 – Affect Disorders provides:

> **12.04 Affective disorders**: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.

A. Medically documented persistence, either continuous or intermittent, of <u>one</u> of the following:

    1. Depressive syndrome characterized by at least <u>four</u> of the following:

        a. Anhedonia or pervasive loss of interest in almost all activities; or
        b. Appetite disturbance with change in weight; or
        c. Sleep disturbance; or
        d. Psychomotor agitation or retardation; or
        e. Decreased energy; or
        f. Feelings of guilt or worthlessness; or
        g. Difficulty concentrating or thinking; or
        h. Thoughts of suicide; or
        i. Hallucinations, delusions, or paranoid thinking; or

    2. Manic syndrome characterized by at least three of the following:

        a. Hyperactivity; or
        b. Pressure of speech; or
        c. Flight of ideas; or
        d. Inflated self-esteem; or
        e. Decreased need for sleep; or
        f. Easy distractibility; or
        g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
        h. Hallucinations, delusions or paranoid thinking; or

    3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);

AND

B. Resulting in at least <u>two</u> of the following:

    1. Marked[1] restriction of activities of daily living; or

    2. Marked difficulties in maintaining social functioning; or

    3. Marked difficulties in maintaining concentration, persistence, or pace; or

    4. Repeated episodes of decompensation, each of extended duration;

---

[1] The term "marked" means "more than moderate but less than extreme." 20 C.F.R. Appx. 1, Subpart P, Part 404 §12.00(C).

4

OR

C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration; or

2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or

3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R., Pt. 404, Subpt. P, Appx. 1, Listing 12.04.

In this case, Plaintiff argues that the ALJ erred in finding that Plaintiff did not meet the requirements of part B. (ECF No. 10, pp. 3-6). Specifically, Plaintiff submits that the ALJ "skipped over" Dr. Mansour's report which shows that she meets the requirements of part B. *Id.* After a review of the record, however, I find that the ALJ did not skip over Dr. Mansour's report. To the contrary, the ALJ specifically considered the report and gave it little weight. (ECF No. 24-25). Furthermore, based on my review of the entire record, I find there is substantial evidence to support the ALJ's decision to give Dr. Mansour's report little weight. (ECF No. 7-2, pp. 15-28). Consequently, remand is not warranted on this basis.

**C.** **Weight of the Evidence**

Plaintiff argues that the ALJ "failed to give full and proper consideration to Plaintiff's exertional limitations. (ECF No. 10, pp. 6-7). Specifically, Plaintiff believes that ALJ failed to "explore" Dr. Delo's opinions regarding her osteoarthritis and arthralgias. *Id.* at 7. I disagree. The ALJ specifically "explored" Dr. Delo's opinions regarding her osteoarthritis and arthralgias throughout his opinion. (ECF No. 7-2, pp. 18, 22). Thus, I find no merit to this argument.

5

Plaintiff next argues that the ALJ erred in failing to "give full and proper consideration to the UPMC Center for Rehab Services Residual Functioning Capacity Test." (ECF No. 10, pp. 8-9). A review of the record reveals, however, that the ALJ considered the same and gave appropriate reasons for giving the entirety of the report great weight. (ECF No. 7-2, pp. 22-23). Consequently, I find no error in this regard. Therefore, remand is not warranted on this basis.

**E.     Vocational Expert**

Plaintiff also seems to argue that the ALJ erred in failing to pose accurate questions to the vocational expert regarding Plaintiff's impairments. (ECF No. 10, pp. 9-10). I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 7-2, pp. 15-28). Consequently, I find no error in this regard.

**F.     Prior Applications**

In a footnote at the end of her Brief, Plaintiff states that she disagrees with the ALJ's decision that "there was no request to re-open any prior applications in the Claimant's case." (ECF No. 10, p. 9, n. 2). This is not what the ALJ stated. Rather, the ALJ stated the following: "The claimant has filed prior applications. No reasons have been established for reopening or disturbing prior determinations or decisions in any way." (ECF No. 7-2, p. 15).

I am unclear, based on the footnote and the Reply Brief, if Plaintiff is seeking review of the determination to not reopen or disturb any of the prior decisions. (ECF No. 10, p. 9, n. 2; (ECF No. 13, pp. 3-4). Judicial review of final decisions on claims arising under the Social Security Act is limited by Sections 205(g) and (h) of the Act. 42 U.S.C. §§ 405(g) & (h). "It is well settled that federal courts lack jurisdiction under §205 to review the Commissioner's discretionary decision to decline to reopen a prior application or to deny a subsequent application on *res judicata* grounds."

6

*Tobak v. Apfel*, 195 F.3d 183 (1999) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977) and *Stauffer v. Califano*, 693 F.2d 306, 307 (3d Cir. 1982)). Although a federal court has the ability to determine its own jurisdiction by examining whether *res judicata* has been properly applied, *id.* (citing *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981)), the decision not to reopen a prior claim is a discretionary decision afforded to the Commissioner and not subject to judicial review. *Sanders*, 430 U.S. at 108. There exist only two exceptions to this limit on judicial review: (1) where a *de facto* reopening has occurred, *Coup v. Heckler*, 834 F.2d 313, 317 (3d Cir. 1987), abrogated on other grounds by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), and (2) where a claimant challenges the Commissioner's decision on constitutional grounds. *Sanders*, 430 U.S. at 108. Neither of those exceptions applies in this case. Consequently, I find I have no jurisdiction to review the decision not to reopen or disturb prior decisions.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONI P. DICKSON,                )
                                )
        Plaintiff,               )
                                )
    -vs-                         )    Civil Action No.   14-170
                                )
CAROLYN W. COLVIN,              )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
        Defendant.              )

AMBROSE, Senior District Judge

# **ORDER OF COURT**

THEREFORE, this 21st day of January, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

                                            BY THE COURT:

                                            s/   Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge